PER CURIAM.
The Vermillion Parish Police Jury invokes the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground that the district court declared a portion of Parish Ordinance No.2001-0-15 unconstitutional.
A review of the district court’s judgment indicates that although the district court purported to declare the portion of the ordinance unconstitutional, the court’s ruling was in fact based on a determination that the penalty provisions of the ordinance “violate the express provisions of La.Rev.Stat. § 33:1243(A)(1)[1] Having resolved the questions presented in this case on statutory grounds, there was no need for the court to reach the question of constitutionality. See Cat’s Meow, Inc. v. City of New Orleans, 98-601 (La.10/20/98), 720 So.2d 1186 (courts *867 should refrain from deciding the constitutionality of legislation when the case can be disposed of on non-constitutional grounds). Therefore, we view any statements in the judgment regarding constitutionality as dicta which do not form a basis for appellate jurisdiction in this court.
Accordingly, it is ordered that the appeal be transferred to the court of appeal for its consideration on the merits.

. The ordinance provides for a $1000 per day penally. La. R.S. 33:1243(A)(1) provides that the maximum penalty which may be imposed for violation of a parish ordinance in the a parish the size of Vermillion Parish "shall be a fine of five hundred dollars and imprisonment of thirty days in the parish jail."